No. 26-7070

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff and Appellant*,
v.
STATE OF CALIFORNIA; SHIRLEY N. WEBER, *in her official capacity as California Secretary of State*; DEAN C. LOGAN, *in his official capacity as the County of Los Angeles – Registrar-Recorder/County Clerk*,
*Defendants and Appellees*.

Appeal from the United States District Court for the Central District of California
No. 2:26-cv-12025-DOC-ADS

# APPELLEE DEAN C. LOGAN'S EMERGENCY MOTION UNDER CIRCUIT RULE 27-3 TO DISMISS APPEAL FOR LACK OF APPELLATE JURISDICTION

DAWYN R. HARRISON
County Counsel
PETER BOLLINGER
Asst. County Counsel
EVA CHU
Snr. Dep. County Counsel
ADAM BAUMGARTEN
Snr. Dep. County Counsel
648 Kenneth Hahn Hall Of Administration
500 West Temple Street
Los Angeles, California 90012
(213) 974-0809
echu@counsel.lacounty.gov
abaumgarten@counsel.lacounty.gov

SETH P. WAXMAN
DANIEL S. VOLCHOK
Wilmer Cutler Pickering
Hale and Dorr LLP
2100 Pennsylvania Avenue N.W.

CHRISTOPHER PELHAM
ABIGAIL URQUHART
ALEX SCANDROLI
Norton Rose Fulbright
555 South Flower Street,
Forty-First Floor
Los Angeles, California 90071
(213) 892-9200
christopher.pelham@nortonrosefulbright.com
abigail.urquhart@nortonrosefulbright.com
alex.scandroli@nortonrosefulbright.com

TOBY R. MERRILL*
JOSHUA KARSH (appearance forthcoming)**
SHARANYA MOHAN
CHRISTINE E. BASS
KYRA SIKORA

Washington, D.C. 20037
(202) 663-6000
seth.waxman@wilmerhale.com
daniel.volchok@wilmerhale.com

M. PATRICK MOORE, JR.***
Wilmer Cutler Pickering
Hale and Dorr LLP
60 State Street
Boston, Massachusetts 02109
(617) 526-6000
pat.moore@wilmerhale.com

MICHAEL J. MONGAN
Wilmer Cutler Pickering
Hale and Dorr LLP
50 California Street, Suite 3600
San Francisco, California 94111
(628) 235-1000
michael.mongan@wilmerhale.com

*** Application for admission forthcoming

Public Rights Project
490 43rd Street, Unit #115
Oakland, California 94609
(510) 738-6788
toby.merrill@publicrightsproject.org
joshua.karsh@publicrightsproject.org
sai.mohan@publicrightsproject.org
christine.bass@publicrightsproject.org
kyra.sikora@publicrightsproject.org

* Licensed in Massachusetts and New York. Not licensed to practice law in California.

** Licensed in Illinois and Washington, D.C. Not licensed to practice law in California.

*Attorneys for Defendant-Appellee Dean C. Logan in his official capacity as the County of Los Angeles Registrar Recorder/County Clerk*

# CIRCUIT RULE 27-3 CERTIFICATE

Pursuant to Circuit Rule 27-3, the contact information of the counsel for all parties is:

*Counsel for Plaintiff-Appellant United States of America*

Andrew Michael Darlington
United States Department of Justice
950 Pennsylvania Ave NW
Washington DC, 20530
202-550-5305
andrew.darlington2@usdoj.gov

Julie Ann Hamill
United States Attorney's Office
300 N. Los Angeles St., Suite 7516
Los Angeles, CA 90012
213-894-2464
julie.hamill@usdoj.gov

John Robert Renner
United States Attorney's Office
300 N. Los Angeles St., Suite 7516
Los Angeles, CA 90012
213-894-2448
robert.renner@usdoj.gov

*Counsel for Defendants-Appellees State of California and Shirley Weber, in her official capacity as California Secretary of State*

Anne P. Bellows
California Attorney General's Office
California Department of Justice
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102
415-510-3847
anne.bellows@doj.ca.gov

Michael Surren Cohen
California Department of Justice
1300 I Street
PO Box 944255
Sacramento, CA 94244
916-210-6090
michael.cohen@doj.ca.gov

Lisa Catherine Ehrlich
California Department of Justice
Office of the Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102
415-510-3489
lisa.ehrlich@doj.ca.gov

Andrew Edward Kushner
California Department of Justice
455 Golden Gate Ave, Suite 11000
San Francisco, CA 94102-7020
415-268-4323
andrew.kushner@doj.ca.gov

Christina Marie McCall
California Department of Justice
Civil Division
1300 I Street
Sacramento, CA 95814
916-210-7890
christina.mccall@doj.ca.gov

*Counsel for Defendant-Appellee Dean C. Logan, in his official capacity as the County of Los Angeles Registrar-Recorder/County Clerk*

Christopher K. Pelham
Norton Rose Fulbright US LLP
555 South Flower Street, 41st Floor
Los Angeles, CA 90071
323-892-9200
christopher.pelham@nortonrosefulbright.com

Abigail Urquhart
Norton Rose Fulbright US LLP
555 South Flower Street, 41st Floor
Los Angeles, CA 90071-3103
213-892-9266
abigail.urquhart@nortonrosefulbright.com

Alex Jordan Scandroli
Norton Rose Fulbright US LLP
555 South Flower Street, 41st Floor
Los Angeles, CA 90071
213-892-9200
alex.scandroli@nortonrosefulbright.com

Joshua Karsh
Public Rights Project
490 43rd Street, Unit #115
Oakland, CA 94609
510-738-6788
joshua.karsh@publicrightsproject.org

Kyra Sikora
Public Rights Project
490 43rd Street, Unit #115
Oakland, CA 94609
510-738-6788
kyra.sikora@publicrightsproject.org

Toby R. Merrill
Public Rights Project
490 43rd Street, Unit #115
Oakland, CA 94609
510-738-6788
toby.merrill@publicrightsproject.org

Seth P. Waxman
Wilmer Cutler Pickering Hale and Dorr LLP
2100 Pennsylvania Avenue N.W.
Washington, D.C. 20037
Telephone: (202) 663-6000

seth.waxman@wilmerhale.com

Daniel S. Volchok
Wilmer Cutler Pickering Hale and Dorr LLP
2100 Pennsylvania Avenue N.W.
Washington, D.C. 20037
Telephone: (202) 663-6000
daniel.volchok@wilmerhale.com

Michael J. Mongan
Wilmer Cutler Pickering Hale and Dorr LLP
50 California St., Ste. 3600
San Francisco, CA 94111
Telephone: (628) 235-1000
michael.mongan@wilmerhale.com

M. Patrick Moore, Jr.
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
pat.moore@wilmerhale.com

Appellee Dean C. Logan, in his official capacity as the County of Los Angeles Registrar Recorder/County Clerk, brings this emergency motion under Circuit Rule 27-3 to dismiss this appeal. This appeal was docketed on October 23, 2026, making this filing the earliest possible opportunity to move to dismiss the appeal for lack of jurisdiction. Counsel for Appellee Logan provided notice of this emergency motion to counsel for Appellant and for Appellees State of California and Shirley Weber by voicemail the morning of October 24, 2026. The emergency nature of this motion arises from the Court's order directing Appellees to respond to Appellant's emergency motion for an injunction pending appeal by

12:00 p.m. PDT on October 24, 2026. 9th Cir. Dkt.21. This motion therefore must be handled on an emergency basis to have it heard in connection with the Court's consideration of Appellant's requested relief.

## INTRODUCTION

Appellant seeks an injunction from this Court before the District Court has even *adjudicated* its request for a temporary restraining order ("TRO"), even though argument on that request is set for October 27. The sought-after TRO is the Appellant's demand that certain mail ballots be set aside, because Appellant suggests without substantiation that they may have been returned by non-citizens. The purported basis for the present "emergency" is that California law (since 2021) allows the processing of mail ballots upon receipt. Cal. Elec. Code §15101. Setting aside that Appellant's attempt to interfere in California's midterm elections is entirely meritless (for reasons addressed in the County's contemporaneously-filed opposition), the "emergency" Appellant seeks to use to leapfrog the District Court is a situation entirely of Appellant's own making.

Appellant created its own purported deadline of noon, October 22, 2026, for the District Court to rule on its "Ex Parte Application for Temporary Restraining Order and Order to Show Cause Why a Preliminary Injunction Should Not Issue," Dkt.62, a request that was filed days after the complaint. Even if the absence of a ruling from the District Court by this self-created deadline constituted a constructive denial of Appellant's "Ex Parte Application," this Court would lack jurisdiction to hear this interlocutory appeal because Appellant requested only a TRO and a hearing, and denial of neither one is appealable. Regardless, the record

shows that the District Court was moving expeditiously to a ruling on Appellant's request for injunctive relief when Appellant filed the notice of appeal. The fact that the District Court had not yet ruled does not have the practical effect of refusing injunctive relief, so there has been no constructive denial. Accordingly, the Court should immediately dismiss the appeal.

## STATEMENT

The one-count complaint here was filed on October 15—just 19 days before Election Day. Under California law (in place for several election cycles, creating no surprise for Appellant), counties "may begin to process vote by mail return envelopes … not … later than 29 days before the election," Cal. Elec. Code. §15101(a); such processing is already underway across the state.

After suing, Appellant waited four days to request preliminary relief, which it did on October 19 by filing an *ex parte* application for leave to file an overlength motion for a temporary restraining order and order to show cause on a preliminary injunction. Dkt.22-1. The memorandum attached to Appellant's motion "request[ed] that [the district court] grant … relief by **November 3, 2026,** before the end of voting in the 2026 federal election." Dkt.22-2 at 4. Appellees promptly opposed Appellant's pursuit of preliminary relief. Dkts.31, 32. Within hours of the case's assignment to Judge Carter on October 21, Judge Carter set a hearing on Appellant's request for preliminary relief on October 27. Dkts.53, 54, 55, 64.

Later on October 21, Appellant demanded even more expedited treatment, Dkt.67, pointing to the County's statement that "[b]allots have been mailed, returned, and processed, and election officials are working toward fixed deadlines for counting and certification," Dkt.32-1 at 8. This statement merely acknowledged that Appellants were processing mail ballots according to California's Election Code. *See* Cal. Elec. Code. §15101. Nevertheless, Appellant claimed that this statement created an emergency, as "ballot processing practices render votes anonymous and permanently untraceable once opened," Dkt.67 at 2, Appellant demanded a temporary restraining order by noon the following day, *id.* When that deadline passed, Appellant noticed this appeal claiming that its TRO request had been constructively denied. Dkt.74. After noticing this appeal, Appellant filed an *ex parte* application for a preliminary injunction pending appeal. Dkt.76. Appellees opposed the *ex parte* application. Dkts.79, 96.

## ARGUMENT

### I. THE APPEAL SHOULD BE DISMISSED FOR LACK OF APPELLATE JURISDICTION

"[T]he appellant has the burden of establishing that the appellate court has jurisdiction to hear the case," *In re Ozenne*, 841 F.3d 810, 814 (9th Cir. 2016). But Appellant's notice of appeal invokes only the "critical and exigent nature of the relief sought" and declares that the order on appeal is the constructive denial of its sought-after TRO purportedly effected by the District Court. Dkt.74 at 1.

Appellant's failure to identify a basis for this Court's jurisdiction is sufficient ground to dismiss the appeal.

In any event, there is no basis for appellate jurisdiction. The only relief Appellant sought by its self-created deadline of October 22 was an *ex parte* TRO. Thus, there was not—and could not have been—any "constructive denial" of a *preliminary injunction* giving rise to appellate jurisdiction under 28 U.S.C. §1292(a)(1). Nor was the federal government's motion constructively denied. The District Court promptly ordered briefing and set a hearing on the motion for October 27. Parties may not manufacture constructive denials by imposing arbitrary ultimatums on district courts, especially in circumstances like these, where: (1) Appellant's original motion did not seek a decision until November 3; and (2) the apparent basis for the claimed emergency is that the County is processing returned mail ballots, consistent with longstanding California law and which it has been doing since October 11 (before this case was filed). The appeal should be dismissed for lack of appellate jurisdiction.

**A.** Appellant's own filings below make clear that there has been no constructive denial of a preliminary injunction, which is a necessary predicate to this Court having appellate jurisdiction here. Appellant styled its motion below as an "Ex Parte Application for Temporary Restraining Order and Order to Show Cause Why a Preliminary Injunction Should Not Issue." Dkt.62. Appellant's

proposed order confirmed that it only sought a TRO, proposing that Defendants be enjoined "PENDING HEARING on the below Order to Show Cause." Dkt.62-6 at 6. The only other relief Appellant requested was an order to show cause that would set a briefing-hearing schedule on whether to issue a preliminary injunction. *Id.* at 7.

Appellant's subsequent "Request for Expedited Ruling," filed late on October 21, similarly did not seek a preliminary injunction, but only an expedited ruling "by noon on October 22, 2026" on Appellant's "application for temporary restraining order to preserve the status quo." Dkt.67 at 1–2. On appeal, Appellant acknowledges this, i.e., that "the United States requested expedited ruling *on the temporary restraining order* by noon October 22." Mot.22 (emphasis added). Accordingly, the request Appellant now claims was constructively denied was solely for a TRO that would be "pending hearing" on whether the Court should issue a preliminary injunction. The Court promptly scheduled a hearing. Dkt.64.

Appellant has not shown that awaiting the scheduled hearing forecloses effective appellate review. Appellant's asserted interest in this litigation is investigation and prosecution of 18 U.S.C. §611(a), which renders it a crime for noncitizens to vote in federal elections. *See, e.g.*, Dkt.1 ¶¶1, 9-10, 17-20. But separating mail ballots from their associated envelopes does not prevent federal investigation or prosecution, because the envelopes continue to reflect ***who*** voted.

Processing mail ballots only prevents Appellant from determining ***how*** specific Californians voted—but how someone voted is irrelevant to whether they violated section 611(a). *Accord,* Dkt.1 ¶20 ("A noncitizen who expresses his preference or opinion in an election by ballot violates the federal statutory ban on noncitizen voting, unless the noncitizen had no opportunity to vote for a candidate seeking federal office." (cleaned up)).

The narrow scope of Appellant's requested relief below is fatal to its implicit assertion that appellate jurisdiction exists. Section 1292(a)(1) permits appeals from specified interlocutory orders concerning *injunctions*, but an appeal ordinarily does *not* lie from the denial of a TRO. *See Wilson v. U.S. Dist. Ct. for N. Dist. of Cal.*, 161 F.3d 1185, 1187 (9th Cir. 1998). That rule prevents premature appeals and "uneconomical piecemeal appellate review." *Religious Tech. Ctr. v. Scott*, 869 F.2d 1306, 1308 (9th Cir. 1989) (quoting *Kimball v. Commandant Twelfth Naval Dist.*, 423 F.2d 88, 89 (9th Cir.1970)). To be sure, a TRO denial may be appealable if it is "tantamount to a denial of a preliminary injunction." *Id.* But that exception does not apply. Appellant—which, as noted, has the burden to establish jurisdiction—makes no argument that constructive denial of its request for a TRO amounted to denial of a preliminary injunction.

This Court's decision in *Wilson* is instructive. There, the Court reviewed a TRO through mandamus rather than an interlocutory appeal—and denied relief.

161 F.3d at 1187. Acknowledging that the district court had scheduled a preliminary-injunction hearing less than three weeks away, this Court emphasized that the resulting order would therefore be "fully reviewable on appeal and expedited proceedings may be requested." *Id.* The same opportunity remains available here, on a far shorter schedule: Appellant's application is set for a hearing on October 27 with expedited briefing to be completed by October 25. Dkts. 64, 77. Appellant cannot bypass those proceedings merely because it wants an immediate answer—after waiting months to file suit and weeks to seek preliminary relief. *See OPM v. AFGE*, 473 U.S. 1301, 1305–1306 (1985) (Burger, C.J., in chambers) (rejecting appellate jurisdiction over TRO denial where district court expressly contemplated a prompt preliminary-injunction hearing). Appellant's apparent failure before it filed its TRO request to understand the ballot processing procedures set forth California's Election Code does not allow it to bypass section 1292's limitations on this Court's appellate jurisdiction.

**B.** Even if the Court could somehow construe Appellant's request for a TRO pending hearing as a request for a preliminary injunction under section 1292, the District Court did not constructively deny that request. To be sure, an order having the practical effect of refusing an injunction may be appealable, but only upon a showing of serious, potentially irreparable consequences and that effective

challenge requires an immediate appeal. *See Carson v. American Brands, Inc.*, 450 U.S. 79, 84 (1981). Appellant cannot show that this standard is met.

This action was filed on October 15; and, as noted, it asserts that California state election law is preempted by a federal criminal statute. Dkt. 1. Appellant's initial, October 19 request for preliminary relief sought a determination before the end of voting on November 3, 2026. Dkt.22-2 at 4; Dkt.62-1 at 4. Responsive to this request, the district court scheduled a hearing for October 27, a week before Appellant's requested decision date. Dkt.64.

But late in the evening on October 21, Appellant filed an "emergency" request, demanding a ruling by noon the next day—only three business hours later. Dkt.67 at 2. The purported basis for this deadline was that the County was processing mail ballots in accordance with California law—a fact that should have been readily ascertainable to Appellant before this action was filed, as it is set forth in the state Election Code. Cal. Elec. Code §15101(a).

Were there any doubt that there has been no constructive denial of relief, the district court's expedited treatment of this case dispels it. Upon assignment of the case, Judge Carter immediately scheduled argument on Appellant's motion, and the court's October 23 order now requires additional briefing over the weekend, ahead of the October 27 hearing. Dkt.77 at 1. Those accelerated proceedings confirm that the court is diligently working toward a decision. *See Fideicomiso de*

*la Tierra del Caño Martín Peña v. Fortuño*, 582 F.3d 131, 134–135 (1st Cir. 2009) (dismissing appeal where further interlocutory relief remained available and district court was proceeding toward ruling).

This Court should recognize Appellant's posturing for what it is: an impermissible attempt to "achieve[] [an appeal] simply by asserting that the trial court has failed to act promptly as wished by [the] party seeking an injunction," *Amazon.com Services LLC v. National Labor Relations Board*, 151 F.4th 221, 227–228 (5th Cir. 2025) (dismissing interlocutory appeal). Appellant's lack of "diligence in seeking to expedite," including its delay in moving for any preliminary relief and its inconsistent "requests for a ruling by a specific date" further weigh against finding that the district court effectively refused relief. *Id.* at 227.

*A.A.R.P. v. Trump* does not dispense with the requirement to show that the District Court's actions had the "practical effect of refusing an injunction." 605 U.S. 91, 94 (2025) (quoting *Carson v. American Brands, Inc.*, 450 U.S. 79, 84 (1981)). There, the plaintiff detainees faced imminent removal to foreign custody under circumstances where Appellant had disclaimed any ability to return detainees once removed. *Id.* at 92-93. The Court's reasoning turned on the "extreme urgency" and "imminent threat of severe, irreparable harm" in that situation, which meant that the district court's actions "had the practical effect of

refusing an injunction" to the detainees. *Id.* 94–97 (2025). Here, Appellant has not demonstrated anything close to that level of harm, because ballot processing does not alter its ability to investigate purported violations of section 611(a). *See supra* pp.5-6. As explained in the County's accompanying opposition to Appellant's motion for an injunction pending appeal, Appellant's asserted irreparable injury is entirely illusory and self-inflicted.

Put simply, Appellant's (unstated) argument for appellate jurisdiction is that the district court failed to rule by Appellant's imposed deadline. But the vehicle for seeking an order compelling a district court ruling is mandamus. *See Fideicomiso*, 582 F.3d at 134–135. Appellant has not requested that extraordinary relief, undoubtedly because mandamus requires a "clear and indisputable" entitlement to the writ. *Cheney v. United States District Court for District of Columbia*, 542 U.S. 367, 380–381 (2004). Appellant cannot establish such an entitlement to an overnight decision while the district court is proceeding toward a prompt hearing on expedited briefing.

## CONCLUSION

Appellant's appeal should be dismissed for lack of appellate jurisdiction.

October 24, 2026

Respectfully submitted,

*/s/ Christopher Pelham*


DAWYN R. HARRISON
County Counsel
PETER BOLLINGER
Asst. County Counsel
EVA CHU
Snr. Dep. County Counsel
ADAM BAUMGARTEN
Snr. Dep. County Counsel
648 Kenneth Hahn Hall Of Admin.
500 West Temple Street
Los Angeles, California 90012
(213) 974-0809
echu@counsel.lacounty.gov
abaumgarten@counsel.lacounty.gov

SETH P. WAXMAN
DANIEL S. VOLCHOK
Wilmer Cutler Pickering
Hale and Dorr LLP
2100 Pennsylvania Avenue N.W.
Washington, D.C. 20037
(202) 663-6000
seth.waxman@wilmerhale.com
daniel.volchok@wilmerhale.com

M. PATRICK MOORE, JR.***
Wilmer Cutler Pickering
Hale and Dorr LLP
60 State Street
Boston, Massachusetts 02109
(617) 526-6000
pat.moore@wilmerhale.com

MICHAEL J. MONGAN
Wilmer Cutler Pickering
Hale and Dorr LLP

CHRISTOPHER PELHAM
ABIGAIL URQUHART
ALEX SCANDROLI
Norton Rose Fulbright
555 South Flower Street,
Forty-First Floor
Los Angeles, California 90071
(213) 892-9200
christopher.pelham@nortonrose
fulbright.com
abigail.urquhart@nortonrosefulbright.com
alex.scandroli@nortonrosefulbright.com

TOBY R. MERRILL*
JOSHUA KARSH (appearance
forthcoming)**
SHARANYA MOHAN
CHRISTINE E. BASS
KYRA SIKORA
Public Rights Project
490 43rd Street, Unit #115
Oakland, California 94609
(510) 738-6788
toby.merrill@publicrightsproject.org
joshua.karsh@publicrightsproject.org
sai.mohan@publicrightsproject.org
christine.bass@publicrightsproject.org
kyra.sikora@publicrightsproject.org


* Licensed in Massachusetts and New York. Not licensed to practice law in California.

** Licensed in Illinois and Washington, D.C. Not licensed to practice law in California.

50 California Street, Suite 3600
San Francisco, California 94111
(628) 235-1000
michael.mongan@wilmerhale.com

*** Application for admission
forthcoming

*Attorneys for Defendant-Appellee Dean C. Logan in his official capacity as the County of Los Angeles Registrar Recorder/County Clerk*

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(a)(7)(C), the undersigned hereby certifies that this brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B)(i).

1. Exclusive of the exempted portions of the brief, as provided in Fed. R. App. P. 32(a)(7)(B), the brief contains 2,252 words.

2. The brief has been prepared in proportionally spaced typeface using Microsoft Word for Microsoft 365 MSO in 14-point Times New Roman font. As permitted by Fed. R. App. P. 32(a)(7)(B), the undersigned has relied upon the word count feature of this word processing system in preparing this certificate.

*/s/ Christopher Pelham*
CHRISTOPHER PELHAM

October 24, 2026

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of October, 2026, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit using the appellate CM/ECF system. Counsel for all parties to the case are registered CM/ECF users and will be served by the appellate CM/ECF system.

*/s/ Christopher Pelham*
CHRISTOPHER PELHAM